# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Donald Bruno, | Case No. 2:19-cv-2702-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Publix Super Markets, Inc., | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 29) recommending that the Court grant Defendant's motion for summary judgment (Dkt. No. 24). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants Defendant's motion for summary judgment.

## I. Background and Relevant Facts

Plaintiff is over 40 years of age and was employed by Defendant from March 5, 2005 through January 23, 2018. At the time relevant to this action, Plaintiff was a grocery replenishment specialist. (Dkt. No. 1 at 4).

On December 23, 2017, while working as a grocery replenishment specialist, Plaintiff tackled an alleged shoplifter who was fleeing a confrontation with the store's meat manager, Abe Patterson. (*Id.* at 4). Plaintiff was subsequently terminated for violating Defendant's policies against making physical contact with shoplifters. Plaintiff claims, however, that the true reason for his termination was his age. Plaintiff alleges several younger employees who had similar interactions with shoplifters had not been terminated or disciplined. Plaintiff was 59 at the time of his discharge.

On September 23, 2019, Plaintiff filed his complaint. Plaintiff brought one cause of action for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b).

Defendant moved for summary judgment. (Dkt. No. 24). Plaintiff opposed. (Dkt. No. 27). Defendant filed a reply. (Dkt. No. 28).

On June 9, 2021, the Magistrate Judge issued an R&R recommending that Defendant's motion be granted. (Dkt. No. 29).

Plaintiff filed timely objections to the R&R. (Dkt. Nos. 31, 32).

Defendant's motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Fed. R. Civ. P. 56 — Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### b. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed *de novo*.

### III. Discussion

After a careful review of the R&R, the relevant record, and Plaintiff's objections, the Court finds that the Magistrate Judge correctly determined that Defendant is entitled to summary judgment on Plaintiff's ADEA claim. As detailed in the R&R, (Dkt. No. at 8-13), the Magistrate Judge correctly determined that Plaintiff could not satisfy the second element under the burden shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973),[1] or otherwise establish that the stated reasons for Plaintiff's termination were mere pretext.[2]

---

[1] Plaintiff can establish a prima facie case of age discrimination by showing that: (1) he is at least 40; (2) he was performing his job to the legitimate expectations of his employer; (3) his employer took an adverse employment action against him; and (4) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination (e.g., younger similarly-situated employees received more favorable treatment). *See Wakefield-Brace v. Greenwood Sch. Dist. 50*, No. 8:16-cv-2750-MGL-KFM, 2017 WL 9286975, at *8 (D.S.C. May 25, 2017), *adopted*, 2017 WL 2569846 (D.S.C. June 14, 2017) (referencing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)); *see also Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019) (noting that "the employee must prove that the employer *would not have fired her* in the absence of age discrimination").

[2] If the plaintiff can set forth the elements of a prima facie case of discrimination, the burden then shifts to the employer to show "a legitimate, nondiscriminatory reason" for the alleged adverse

Specifically, the Magistrate Judge correctly found that Plaintiff undisputedly violated Defendant's policies against making physical contact with shoplifters during the incident in question and did not present adequate comparators from which a reasonable jury could base a finding of pretext. Plaintiff filed objections to the R&R. The Court addresses Plaintiff's objections below but first provides relevant context.

Defendant argues that Plaintiff was terminated for violating Defendant's policy against making physical contact with suspected shoplifters. In his opposition to Defendant's motion for summary judgment, Plaintiff admits he violated Defendant's policies: "Admittedly, Mr. Bruno violated the section of The Policy which states a manager should not use physical contact to get the suspect to cooperate." (Dkt. No. 27 at 5); (Dkt. No. 24-2 at 90) ("An associate or LPO should never make physical contact with a shoplifting suspect in an attempt to get him or her to cooperate."). Further, in his objections to the R&R, Plaintiff no longer disputes that the Court can consider his termination in determining whether Plaintiff was performing his job to the legitimate expectations of the Defendant: "Plaintiff does not dispute that the court may consider the termination event in determining whether a plaintiff has met performance expectations or that a single termination event may be sufficient to show that a plaintiff was not meeting the defendant's legitimate performance expectations." (Dkt. No. 31 at 16). This is a reversal from Plaintiff's position in opposing Defendant's motion for summary judgment. *See* (Dkt. No. 29) (noting that Plaintiff had argued in his opposition that because "Defendant had no issues with Plaintiff's job performance prior to the . . . incident" Defendant was not permitted to argue that Plaintiff failed to

---

action. *Westmoreland*, 924 F.3d at 725. If the employer provides a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant-employer were not its true reasons, but were a pretext for discrimination" *See id.* at 726 (referencing *Tex. Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253–54 (1981)).

meet his job duties based on the termination event); *Sanders v. McLeod Health Clarendon*, No. 2:19-cv-01322-DCN-MGB, 2020 WL 3467886, at *6 (D.S.C. June 25, 2020), *appeal dismissed sub nom. Sanders v. Clarendon*, No. 20-1812, 2020 WL 8261641 (4th Cir. Dec. 1, 2020) (finding a defendant can rely on a termination event alone to show the plaintiff was not meeting the defendant's legitimate performance expectations at the time of the plaintiff's discharge). Instead, in his objections, Plaintiff argues that he presented relevant comparator evidence which creates a genuine dispute of material fact as to whether Defendant's proffered reason for his termination was mere pretext. *See* (Dkt. No. 31 at 13-22).

Specifically, Plaintiff objects that the Magistrate Judge incorrectly determined that Plaintiff's proffered comparators—Jared Lott and David Kennedy—were not similarly situated to Plaintiff. (*Id.* at 18-22); (Dkt. No. 29 at 11-17) (finding that "none of Plaintiff's proffered comparators served in the same role or shared the same responsibilities as Plaintiff," shared the same supervisor as Plaintiff at the time of his termination, or were involved in incidents where the comparators had physical contact with a shoplifter for a reason other than self-defense, as was the case for Plaintiff).

First, Plaintiff attacks the Magistrate Judge's finding that Lott and Kennedy were subject to a different supervisor/ultimate decision maker than Plaintiff.[3] Plaintiff argues that the ultimate decision maker for Plaintiff's termination was not Donald Calabrese, but Charles Gainer. Plaintiff argues this affects the Magistrate Judge's findings in the R&R because Gainer would have been aware of the allegedly comparable conduct of Lott and Kennedy, whereas Calabrese would not have been. *See* (Dkt. No. 24-3 at 12).

---

[3] *See Hurst v. District of Columbia*, 681 F. App'x 186, 193 (4th Cir. 2017) (referencing *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 910 (8th Cir. 1999)) ("When different decision-makers are involved, two decisions are rarely similarly situated in all relevant respects.").

The Court overrules Plaintiff's objection. The Magistrate Judge did not err in finding that Calabrese—not Gainer—was the ultimate decision maker in Plaintiff's termination. Plaintiff does not dispute that Calabrese was the store manager at the time of Plaintiff's termination. Plaintiff's Objections, (Dkt. No. 31 at 6) ("Donald Calabrese . . . was the Store Manager at the time of the incident."). Further, Calabrese testified that the decision to terminate Plaintiff "was ultimately mine. It was through guidance from our human resources department." (Dkt. No. 24-3 at 8); *see also* Heming Deposition, (Dkt. No. 24-5 at 11) (Q: "[W]hose decision was it to terminate Mr. Bruno? A: It would be the store manager."). Plaintiff's contention that District Manager Gainer was the ultimate decision maker is undermined by Gainer's testimony. (Dkt. No. 24-4 at 35-37) ("[W]hen it comes to termination, [managers] are the ultimate decision-maker[s], but they do consult.") And, contrary to Plaintiff's contention otherwise, (Dkt. No. 31 at 20), the testimony of Retail Association Relations Specialist Greg Heming does not support a different finding, (Dkt. No. 27-9 at 2-3) (testifying that the "store manager"—Calabrese—has the authority to terminate non-manager associates—like Plaintiff—and that store managers are not required to obtain Heming's approval to terminate non-management employees). In sum, Plaintiff's contention that Heming testified he "would be involved in terminations in his district even on the lowest level," inaccurately represents the record and lends no support to Plaintiff's objection.

Accordingly, the Court finds no error in the Magistrate Judge's determination that Calabrese was the ultimate decision maker for Plaintiff's termination. And because Calabrese testified he was not aware of the incidents involving Lott and Kennedy at the time of Plaintiff's termination, the Magistrate Judge was correct in finding that neither Lott nor Kennedy were proper comparators, *inter alia*, due to a difference in supervisors. Plaintiff's above objection is overruled.

Last, Plaintiff argues the Magistrate Judge erred by finding that Plaintiff's conduct was distinguishable from that of Lott and Kennedy. (Dkt. No. 31 at 21-22). Plaintiff argues:

> The Magistrate determined that Plaintiff's conduct was distinguishable from that of his proffered comparators based on a declaration provided by Ms. Ramirez, regarding a physical altercation between a shoplifter and Mr. Lott and Mr. Kennedy. In that declaration Ms. Ramirez justifies the lack of any reprimand or consequence given to those employees on the basis that the physical contact was done in self-defense. *Defendant's justification is a clear post hoc rationalization*.

(*Id.* at 21) (emphasis added).[4]

The Court overrules Plaintiff's objection. In finding that Lott acted in self-defense, the Magistrate Judge did cite to a declaration prepared by Defendant's Human Resources Investigator Kelsey Ramirez. (Dkt. No. 29 at 12-13). The R&R also cited, however, to Lott's deposition testimony which confirmed he acted in self-defense. (*Id.* at 13) (noting that Ramirez's declaration stated that Lott and Kennedy made physical contact with a shoplifter in self-defense but also citing "Mr. Lott's deposition testimony [which] *reiterate[d] that the customer attempted to attack him before [Lott] and Mr. Kennedy made any physical contact*") (emphasis added) (*citing* (Dkt. No. 24-7 at 11)); Lott Deposition, (Dkt. No. 24-7 at 8-11) (testifying the suspected shoplifter took a "swing" at Lott and "tried to assault" Lott). In sum, Plaintiff's objections do not substantively dispute the Magistrate Judge's finding that "from an objective standpoint, [Lott and Kennedy's] conduct is sufficiently different from Plaintiff's because Plaintiff never claimed that he tackled the shoplifter at issue here in order to protect himself." (*Id.*). Or said simply, Defendant has put forth

---

[4] A "post hoc rationalization" argument was not raised in Plaintiff's opposition to Defendant's motion for summary judgment. *See* (Dkt. No. 27). Accordingly, it is procedurally improper, and the Court is not obliged to consider it. *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017) (noting a party waives "issue[s] . . . by failing to raise [them] before the magistrate judge").

undisputed evidence that, before using physical force against a shoplifter, Lott was attacked. Plaintiff, who tackled a purported shoplifter from behind, was undisputedly not attacked or otherwise acting in self-defense.

In sum, the Magistrate Judge correctly determined that Plaintiff presented no similarly situated comparators on which a reasonable jury could find Defendant's proffered reasons for Plaintiff's termination pretextual. As noted herein and in the R&R, Plaintiff does not dispute that he violated Defendant's policy against physical interaction with shoplifters. And while Plaintiff alleges his termination was based on his age, for the reasons carefully detailed in the R&R, such a claim finds no support in the record. (Dkt. No. 29 at 14) (noting the record reflects that "Defendant thoroughly considered whether to terminate Plaintiff and did not consider Plaintiff's age in making the decision to do so").[5]

---

[5] Plaintiff also objects that any differences in roles between himself and Lott or Kennedy are irrelevant and should not have been considered by the Magistrate Judge. (Dkt. No. 31 at 18-19). The Court finds the argument unpersuasive for two reasons. First, in its motion for summary judgment, Defendant specifically argued that neither Lott nor Kennedy were valid comparators as neither had the same position as Plaintiff. (Dkt. No. 24-1 at 20). In his opposition to Defendant's motion for summary judgment, Plaintiff failed to rebut or otherwise address this argument. *See generally* (Dkt. No. 27). Accordingly, Plaintiff arguably conceded Defendant's point. *See Crouch v. City of Hyattsville*, Civil Action No. DKC 09–2544, 2012 WL 6019296, at *8 (D. Md. Nov. 30, 2012) (granting summary judgment where plaintiff abandoned his argument by failing to respond to defendant's motion); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96–3323–12, 1999 WL 1133272, at *3 (D.S.C. Oct. 12, 1999) ("The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."). Second, even if the Court were to consider Plaintiff's objection, and even if, for argument's sake, the Court were to find Lott and Kennedy's differing roles irrelevant to the instant matter, for the reasons stated above, and for the reasons detailed in the R&R, (Dkt. No. 29 at 12), Lott and Kennedy would still not be valid comparators.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R, (Dkt. No. 29), as the Order of the Court, and **GRANTS** Defendant's motion for summary judgment, (Dkt. No. 24).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 28, 2021
Charleston, South Carolina